# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 1:07-cr-060

                                      District Judge Susan J. Dlott
- vs -                             Magistrate Judge Michael R. Merz

DENISE HUFFMAN,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This federal criminal case is before the Court on Defendant Denise Huffman's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6)(ECF No. 556). The Government has filed a Response (ECF No. 561) and District Judge Dlott has referred the case to the undersigned (ECF No. 562). Because the Motion is post-judgment, the assigned Magistrate Judge is required to file a report and recommended disposition.

**Procedural History**

Defendant Huffman was indicted May 16, 2007, on a number of felony counts relating to trafficking in controlled substances (Indictment, ECF No. 2). On November 10, 2010, Huffman withdrew her former plea of not guilty and pleaded guilty (Minutes, ECF No. 204; Transcript, ECF

1

No. 250). She filed a Motion to Withdraw her guilty plea the day before her scheduled sentencing (ECF No. 388) which District Judge Beckwith denied (ECF No. 394). On February 14, 2012, Judge Beckwith sentenced Huffman to 152 months imprisonment (ECF No. 424). Huffman appealed her sentence to the Sixth Circuit and the Sixth Circuit affirmed the sentence. *United States v. Huffman,* 529 Fed. Appx. 426 (6th Cir. Jun. 14, 2013), cert denied, *sub nom. Huffman v. United States,* 134 S. Ct. 320 (2013). On Huffman's later motion, her sentence was reduced to 122 months (ECF No. 502). When Huffman filed the instant Motion, her case was reassigned to District Judge Dlott because of Judge Beckwith's retirement from active service.

# Analysis

**How Shall the Motion be Classified?**

Defendant brings her Motion under Fed. R. Civ. P. 60(b)(6)[1].

She clearly understands the difference between a motion to vacate sentence under 28 U.S.C. § 2255 and a motion for relief from judgment because on September 22, 2014, she moved for an extension of time to file a § 2255 motion (ECF No. 495). Because her petition for certiorari was denied October 7, 2013, her § 2255 motion would have been timely if filed by October 7, 2014. But she never filed such a motion at all and the instant Motion, filed almost four years later, cannot be re-classified as a § 2255 motion without her consent. *Castro v. United States*, 540 U.S. 375, 377 (2003). Of course, if it were re-characterized as a § 2255 motion with her consent, it

---

[1] Defendant also mentions the Administrative Procedure Act (ECF No. 556, , but that statute provides for court review of the actions of federal agencies, not court review of the court's own judgments.

would be subject to dismissal as barred by the statute of limitations. The only time limit on filing a motion under Fed. R. Civ. P. 60(b)(6) is that it must be filed within a reasonable time. Fed. R. Civ. P. 60(c), which is presumably why Defendant chose this route rather than trying to justify a late-filed § 2255 motion. Because the relief Huffman seeks is not available under Fed. R. Civ. P. 60(b)(6), the Magistrate Judge pretermits any discussion of whether the Motion was filed within a "reasonable" time.

As the Government points out Fed. R. Civ. P. 60(b)(6) is a rule of civil, not criminal, procedure. Fed. R. Civ. P. 1 provides in pertinent part that the Federal Rules of Civil Procedure "govern the procedure in all **civil** actions and proceedings in the United States district courts . . ." This is, of course, a criminal proceeding and nothing in the Federal Rules of Criminal Procedure suggests that they incorporate Fed. R. Civ. P. 60.

Nor should Fed. R. Civ. P. 60 somehow be interpreted as applying in federal criminal cases. To do so would be to allow a federal criminal defendant to completely circumvent the limitations imposed by Congress on post-conviction collateral attacks on federal criminal judgments in the same manner as Huffman has proceeded, to wit, by filing many years after judgment.

The Motion should be denied because Fed. R. Civ. P. 60(b) does not apply to criminal cases.

**Effect of Huffman's Guilty Plea**

Defendant's sentencing range under the Guidelines was enhanced under U.S.S.G. §2D1.l because of her admitted possession of a firearm at the drug trafficking facility she owned and operated.

Defendant relies on a line of cases beginning with *Haynes v. United States*, 390 U.S. 85 (1968), which she says stand for the proposition that a plea of guilty does not waive a claim that the underlying statute is unconstitutional. The Court in *Haynes* actually held that the guilty plea did not waive a previous claim of the constitutional privilege against self-incrimination, but the distinction is immaterial because Haynes sought to have the statute, which required him to register certain firearms, unconstitutional because it required him to incriminate himself by registering. In *Blackledge v. Perry*, 417 U.S. 21, 31-32 (1974), also cited by Huffman, the Court held that a guilty plea did not waive a constitutional challenge to the power of the State of North Carolina to charge Perry with a more serious offense when he exercised his right to a trial *de novo*. Citing *Blackledge*, the Court held in *Menna v. New York*, 423 U.S. 61, 62-63 (1975) (*per curiam*), that a plea of guilty did not waive a Double Jeopardy claim. Finally, in *United States v. Broce*, 488 U.S. 563, 569 (1989), the Court held that a voluntary and intelligent guilty plea would bar a later collateral attack, distinguishing this from the situation "where on the face of the record the court had no power to enter the conviction or impose the sentence." Based on this line of cases, the Magistrate Judge concludes Huffman did not waive her right to challenge the constitutionality of the firearm enhancement by pleading guilty.

However, she did waive or forfeit[2] that claim when she failed to raise it in this Court before sentencing or on direct appeal to the Sixth Circuit. She could not even have raised this claim if she had timely filed under 28 U.S.C. § 2255, because a motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973). Therefore, absent manifest injustice or special circumstances

---

[2] "We note here the distinction between defenses that are 'waived' and those that are 'forfeited.' A waived claim or defense is one that a party has knowingly and intelligently relinquished; a forfeited plea is one that a party has merely failed to preserve. *Kontrick v. Ryan*, 540 U.S. 443, 458, n. 13 (2004); *United States v. Olano,* 507 U.S. 725, 733 (1993).

4

such as a change in the law, § 2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review.  Hertz & Liebman, Federal Habeas Corpus Practice and Procedure 6th ed., §41.7(e)(2011), citing *Reed v. Farley*, 512 U.S. 339, 358 (1994); *Withrow v. Williams*, 507 U.S. 680, 721 (1993); *Davis v. United States*, 417 U.S. 333, 342 (1974); and *Kaufman v. United States*, 394 U.S. 217, 227 n.8 (1969); Yackle, Postconviction Remedies, §108 (1981), citing *Mathews v. United States,* 11 F.3d 583 (6th Cir. 1993); and *Mars v. United States*, 615 F.2d 704 (6th Cir. 1980);; *Ray v. United States,* 721 F.3d 758, 761(6th Cir. 2013), quoting *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003), citing *United States v. Frady,* 456 U.S. 152, 167-68 (1982).  Claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows:  (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray, supra, citing Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).

Defendant's Motion should also be denied because it attempts to raise an issue she has procedurally defaulted by not raising it in this Court before sentencing or on direct appeal.

**The Constitutionality of the Firearm Enhancement**

Even if the Court could reach the merits of Huffman's constitutional claim, it should deny her Motion.

First of all, she relies on *Sessions v. Dimaya*, 584 U.S. ----, 138 S. Ct. 1204 (2018), in which the Supreme Court held the term "crime of violence" in 18 U.S.C. § 16(b) is unconstitutionally vague.  The Sixth Circuit had previously reached the same result. *Shuti v. Lynch*, 828 F.3d 440

(6th Cir. 2016). But *Dimaya* has no application here: Huffman was not charged under 18 U.S.C. § 16(b) or any other statute that uses a similarly vague phrase. Instead, the sentencing enhancement of which she complains was imposed under U.S.S.G. § 2D1.1 which requires a two level increase "[i]f a dangerous weapon (including a firearm) was possessed." There is nothing vague about the Guideline and Huffman admitted (and still admits) possessing a firearm in connection with her maintenance of a drug trafficking facility.

Secondly, Huffman reminds us of her Second Amendment right to carry and bear arms (Motion, ECF No. 556, PageID 9540). The Supreme Court has recognized that the Second Amendment protects an individual right to keep and bear arms. *McDonald v. City of Chicago*, 561 U.S. 742 (2010); *District of Columbia v. Heller,* 554 U.S. 570 (2008). But it has never held that that constitutional right extends to keeping and bearing arms so as to defend one's drug trafficking business.

**Plea for Equitable Relief**

At the conclusion of her Motion, Huffman makes a plea for further reduction of her sentence on the basis of equitable relief. She claims she should have been given a reduction under the Safety Valve Statute, 18 U.S.C. § 3553(f), but for the many reasons pointed out by the United States, her crime does not come within that Act. She asks for further reduction for acceptance of responsibility, but that issue was adjudicated by Judge Beckwith and not appealed. Finally, as a litigant now proceeding *pro se*, she claims the benefit of *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). But *Haines* entitled *pro se* litigants only to leniency on the form of their pleadings, and not on their sentences.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion for Relief from Judgment be DENIED. Because the Court of Appeals might regard the Motion as being in the nature of a habeas corpus petition, and because reasonable jurists would not disagree that the Motion should be denied, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 23, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. . Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).